UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MARSHA KRAUSE,

    Plaintiff,

v.                                     Case No. 5:23-cv-722-TJC-PRL

KOHL'S, INC.,

    Defendant.

## **ORDER**

Even in the absence of a challenge, the Court has a duty to independently evaluate subject matter jurisdiction. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). Defendant removed this slip and fall case based on diversity jurisdiction. (Doc. 1 ¶ 1). Under 28 U.S.C. § 1332(a), parties must have complete diversity and the amount in controversy must exceed $75,000. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410–12 (11th Cir. 1999). Defendant has failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. See Friedman v. N.Y. Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005).

Defendant's evidence of the amount in controversy is based on plaintiff's proposal to settle the case for $105,000, and a written demand for $100,000. See Doc. 1 at ¶¶ 6 & 7. While documents such as these may count for

something when detailed, the ones here are conclusory, and may be no more than pure posturing. See, e.g., Williams v. Circle K Stores, Inc., No. 3:21-cv-723-TJC-MCR, 2021 WL 4033308 (M.D. Fla. Sept. 3, 2021) (declining to assume that demand letter seeking $300,000 was more than mere puffery and posturing); Smith v. Barkley, No. 6:19-cv-2064-Orl-41EJK, 2020 WL 13597991, *3 (M.D. Fla. Jan. 29, 2020) (finding settlement offer of $1,000,000 was not evidence of amount in controversy where medical bills were only $12,500 with further medical treatment needed); cf., Griffis v. Wal-Mart Stores, East, L.P., No. 3:18-cv-935-J-32MCR, 2018 WL 44444700 (M.D. Fla. Sept. 18, 2018) (finding removal untimely where earlier received proposal for settlement for $650,000 was not puffery when defendant already knew of medical bills totaling over $200,000). The general allegations of the complaint here give little hint of the extent of plaintiff's injuries and the only other evidence is plaintiff's interrogatory responses. Doc. 1-7. These show plaintiff hit her head and knee at the store, she injured her head, wrist, hand, knee and has scarring on her face, and she has incurred $28,744.27 in medical bills, with additional billing information pending. Id. But none of the providers for whom billing was pending suggest their cost would be significant enough to raise the amount in controversy to the required sum. Moreover, plaintiff is not seeking any damages for lost wages or earnings capacity. Id. On this record, defendant

2

has not met its burden to show by a preponderance of the evidence that the amount in controversy exceeds $75,000.[1]

Accordingly, it is hereby

**ORDERED:**

This case is sua sponte **remanded** to the Fifth Judicial Circuit Court in and for Marion County, Florida. Following remand, the Clerk shall **close** the file.

**DONE AND ORDERED** in Jacksonville, Florida this 26th day of March, 2024.



TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

Counsel of record

Clerk of Court of the Fifth Judicial Circuit Court
 in and for Marion County, Florida

---

[1] While sometimes it is appropriate to give a defendant an opportunity to supplement the notice of removal, in this case, there is no reason to believe defendant has any additional information to provide.